UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

LIFE INSURANCE COMPANY
OF NORTH AMERICA,

                  Plaintiff,

     -v-

SKAVON ANDREWS, AVERY
MUHAMMAD, TAURON SMITH,
ANNA STESIA ANDREWS,
NICOLE ANDREWS as p/n/g
MARCELLUS ANDREWS,

                Defendants.

_____

6:25-CV-6551-CJS-MJP

**DECISION and ORDER**

INTRODUCTION

This is an interpleader action by Life Insurance Company of North America ("LINA") involving the proceeds of certain life insurance policies.  Now before the Court are LINA's motions for default judgment (ECF Nos. 25, 26, 28) against defendants Anna Stesia Andrews ("Anna Stesia"), Avery Muhammad ("Avery"), and Tauron Smith ("Tauron").  The motions are granted.

BACKGROUND

On October 8, 2025, the Plaintiff insurer commenced this interpleader action concerning the proceeds of two insurance policies on the life of Rawleigh Andrews ("Mr. Andrews"), deceased.  According to the Complaint, Mr. Andrews did not designate a beneficiary for either policy, and, therefore, according to the relevant Life Insurance

1

Plan, death benefits "will be paid to the first surviving class of the following living relatives: spouse; child or children; mother or father; brothers or sisters; or to the executors or administrators of the Insured's estate."

Skavon Andrews ("Mrs. Andrews") is the surviving spouse of Mr. Andrews; Avery Muhammad is the putative son of Mr. Andrews; Tauron Smith and Anna Stesia Andrews are adult grandchildren of Mr. Andrews; and Marcellus Andrews is the minor grandson of Mr. Andrews, and resides with his mother, Nicole Andrews, who is sued as his parent/natural guardian.  As a surviving spouse, Mrs. Andrews would presumptively be entitled to receive the proceeds from the aforementioned insurance policies. However, since Mrs. Andrews caused Mr. Andrew's death, which could under certain circumstances disqualify her under New York law from receiving the policy proceeds, LINA commenced the subject action.

LINA served Mrs. Andrews, Anna Stesia, Avery, and Tauron, none of whom are minors or incompetent.  Mrs. Andrews answered and asserted cross-claims against the other defendants.  Anna Stesia, Avery, and Tauron did not answer or otherwise respond to the Complaint, and on April 28, 2026, the Clerk entered default against them.  On June 3, 2026, LINA filed the subject motions for default judgment.

DISCUSSION

Interpleader Plaintiff LINA has moved for default judgment pursuant to Fed. R. Civ. P. 55(b)(2), which

> provides that where a party fails to plead or otherwise defend against a complaint, and after entry of default, a default judgment may be entered against such person. Upon entry of default, a court should accept as true all of the factual allegations of the complaint, except those relating to damages, and "draw all reasonable inferences" in the moving party's favor. *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009); *see also Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981); *SEC v.*

*Syndicated Food Servs. Int'l, Inc.*, No. 04-cv-1303, 2010 WL 4668777, at *1 (E.D.N.Y. Nov. 9, 2010).

*Sec. & Exch. Comm'n v. Genovese*, 553 F. Supp. 3d 24, 44 (S.D.N.Y. 2021).

Since Anna Stesia, Avery, and Tauron are in default, the Court accepts the factual allegations in LINA's complaint as true, and draws all reasonable inferences in LINA's favor, with respect to the subject insurance policies.  In particular, the Court accepts that Mrs. Andrews, as surviving spouse, is entitled to receive the policy proceeds, provided that she is not disqualified by New York's "slayer rule."

Further, the Court takes judicial notice of its prior finding in the related case of *Genworth Life Insurance Company of New York v. Andrews, et. al.*, 6:23-CV-6197 CJS, involving the same defendants and a different policy of insurance on the life of Mr. Andrews, that Mrs. Andrews was convicted after trial of criminally negligent homicide in connection with the death of Mr. Andrews, which, without more, would not disqualify her from receiving life insurance proceeds on Mr. Andrew's life under New York's "slayer rule." *See*, 6:23-CV-6197 CJS, ECF No. 48 at p. 5 ("These principles of law essentially indicate that Skavon Andrews will be entitled to receive the life insurance proceeds, unless it is proven in this action, by a preponderance of evidence, that she intentionally or recklessly caused the death of Rawleigh Andrews.").

Since Anna Stesia, Avery, and Tauron are in default; since Mrs. Andrew's conviction for criminally negligent homicide does not disqualify her from receiving the subject insurance benefits; and since no evidence has been submitted indicating that Mrs. Andrews intentionally or recklessly caused Mr. Andrew's death such that she would be disqualified from receiving the subject insurance proceeds, the Court will enter default judgment against Anna Stesia, Avery, and Tauron.

CONCLUSION

LINA's motions for default judgment (ECF Nos. 25, 26, 28) are granted, and the Clerk is directed to enter judgment against Anna Stesia Andrews, Avery Muhammad, and Tauron Smith.

SO ORDERED.

_____
Hon. Charles J. Siragusa
UNITED STATES DISTRICT JUDGE

Dates:  August  12, 2026
        Rochester, New York